**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI ABDUL COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants.<br>_____/ | 1:09-cv-00835-AWI-GSA-PC<br>(Kings Co. Superior Court #08-C-0708)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE REMANDED TO KINGS COUNTY SUPERIOR COURT<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.    BACKGROUND**

This is a civil action filed by plaintiff Saahdi Abdul Coleman ("plaintiff"), a state prisoner proceeding pro se.  It appears this action was initiated by civil complaint filed by plaintiff in the Kings County Superior Court on or about December 8, 2008 (Case #08-C-0708).[1] On April 30, 2009, defendants Clark and Hildreth ("defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b), in the Sacramento Division of the United States District Court for the Eastern District of California. (Doc. 2.)  On May 12, 2009, the case was transferred to the Fresno Division of the United States District Court for the Eastern District of California.  (Doc. 4.)

---

[1] In the Notice of Removal filed April 30, 2009, defendants state that the complaint was filed at the Kings County Superior Court "on or about December 8, 2008." (Doc. 2.)  However, the copy of the complaint submitted by defendants is stamped "Received" not "Filed," and the stamped date of receipt is illegible.  Moreover, although defendants cite the case number as 08-C-0708, there is no case number written on the copy of the complaint.

## II. REMOVAL AND REMAND

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[2] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

*Well-Pleaded Complaint*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

---

[2] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

2

1    Here, defendant Rodriguez removed plaintiff's complaint based on federal question
2 jurisdiction under 28 U.S.C. § 1441(b), contending "Plaintiff alleges a denial of court access, a
3 civil rights violation under 42 U.S.C. § 1983." Ntc of Removal at 2 ¶2.
4    The court has thoroughly reviewed plaintiff's complaint and finds no specific reference to
5 the Constitution, treaties, or federal law except for a mention of federal rights when discussing
6 the precautions defendants should have taken "which, if implemented, would have prevented the
7 deprivation of Plaintiff's *federally and state protected rights*." Cmp at 29 ¶103 (emphasis
8 added). Plaintiff uses a California state civil form complaint to describe his case as a complaint
9 for property damage, loss of use of property, general damage, denial of access to the courts, and
10 deprivation of liberty. Cmp at 4 ¶11.³ He names six causes of action which he brings under the
11 California Tort Claims Act, separated under the headings of Negligence, Deliberate Indifference,
12 Lost or Damaged Property, Intentional Infliction of Emotional Distress, Supervisory Liability,
13 and Violation of California Law. None of these six causes of action is exclusive to the federal
14 court. Plaintiff refers to denial of his access to the courts as background information in support
15 of his claim for intentional infliction of emotional distress, and not as a separate cause of action.
16 Cmp at 27 ¶96. Regardless, access to the courts is a right guaranteed to all persons by both the
17 federal and state constitutions. U.S. Const. amend. I; Cal. Const. art. 1, § 3; Baba v. Board of
18 Sup'rs of City and County of San Francisco, 21 Cal. Rptr. 3d 428 (Cal. App. 1st Dist. 2004).
19 Plaintiff's use of language reciting some elements of a federal claim, without more, is not enough
20 to confer federal jurisdiction. As stated above, plaintiff is the master of his own complaint and is
21 free to rest his claims solely on state causes of action. The Fair, 228 U.S. at 25; Caterpillar, 482
22 U.S. at 392. Based on these facts, the court finds that plaintiff's complaint does not present a
23 claim arising under federal law to warrant subject matter jurisdiction, and therefore the instant
24 action does not implicate a federal interest sufficient to sustain removal of the action to federal
25 court.
26 ///
27 ———
28    ³The pagination on the form complaint differs from the pagination appearing on the court's record. For clarity, the court refers to the pagination appearing on the court's record, as determined by the court's electronic filing system.

## IV.  CONCLUSION

Based on this analysis, the court finds that the federal court lacks jurisdiction and the action is not removable. Therefore, IT IS HEREBY RECOMMENDED that:

1. This action be remanded to the Kings County Superior Court; and
2. The Clerk be directed to serve notice of the remand.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 15, 2009**         **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE